# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:09-00099-02

NEKOASE ANTWAN VINSON
    also known as AShadow@

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Nekoase Antwan Vinson's motion to reduce sentence under the First Step Act of 2018. ECF No. 509. For the reasons outlined below, the Court **GRANTS** the motion.

## I. BACKGROUND

On April 16, 2010, Defendant pleaded guilty to an information charging him with conspiracy to distribute five grams or more of cocaine base, or "crack," in violation of 21 U.S.C. § 846. ECF No. 191. Initially confronted with a statutory sentencing range of five to forty years imprisonment and a five-year term of supervised release, Defendant's statutory penalties were increased as a repeat offender pursuant to a 21 U.S.C. § 851 Information filed by the United States. ECF No. 86. Defendant was therefore exposed to a statutory sentencing range of ten years to life in prison and an eight-year term of supervised release. With a total offense level of 34 and a criminal history category of IV, Defendant's guideline range was 210 to 262 months imprisonment. On July 19, 2010, the Court varied downward from this guideline range and sentenced Defendant to 168 months imprisonment, eight years of supervised release, a $4,000 fine,

and a $100 special assessment.[1] On October 1, 2015, the Court reduced Defendant's sentence to 135 months imprisonment pursuant to the United States Sentencing Commission's November 1, 2014 amendments to the Sentencing Guidelines. This new sentence fell at the bottom end of Defendant's revised guideline range.

Defendant was released from prison on April 16, 2019, and began serving his eight year term of supervised release immediately. Per the Court's March 15, 2019 Standing Order, the Office of the Federal Public Defender was appointed to determine whether Defendant was qualified to seek a reduction of sentence. ECF No. 504. On April 30, 2019, Defendant's counsel filed a memorandum concluding that he was eligible for a reduction in his term of supervised release. ECF No. 509. The United States filed a Response on May 10, 2019, concurring with that conclusion though differing somewhat with Defendant's legal reasoning. ECF No. 513.

## II. LEGAL STANDARD

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "The First Step Act"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," that triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[2] *Id.* at § 404(c). Nor can a

---

[1] The Court based its downward variance on a 20:1 ratio for cocaine base to powder cocaine.
[2] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* Though a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.*

This discretion given to courts whether to grant relief is broad and indicative of how authority under this statute can be exercised. Courts in this district and throughout the Fourth Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(B). *See United States v. Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *4 (E.D. Va. July 11, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See U.S. v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories and adopting the latter). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99, 102 (2013). Due to this constitutional consideration, this Court—along

with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

### III. DISCUSSION

In reviewing the instant case, the Court has considered the pleadings, the original presentence report, the judgment order and statement of reasons, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons. This review reveals that Defendant is eligible for a reduction in his term of supervised release.

Mindful of the fact that Defendant was only charged with five grams or more of cocaine base,[3] he is subject to the statutory sentencing provisions outlined in 21 U.S.C. § 841(b)(1)(C). In light of his prior conviction, he is exposed to a sentencing range of zero to thirty years imprisonment and a mandatory six-year term of supervised release. As Defendant has already been released from prison, only the length of his term of supervised release is implicated here. Both Defendant and the United States agree that a reduction to the statutory minimum term of supervised release is appropriate in this case. As the United States notes, "[s]ix years should give adequate time to attempt to ensure [D]efendant's smooth and productive transition back to society and to give effect to all the purposes of supervised release." ECF No. 513, at 8. The Court concurs.

Based on the issues present in the case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the revised statutory range, the nature and circumstances of the offense, the history and characteristics

---

[3] Although 240 grams of cocaine base were attributed to Defendant for sentencing purposes, this is irrelevant to his statutory sentencing exposure. *See Alleyne v. United States*, 570 U.S. 99, 102 (2013).

of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court imposes a reduced sentence of six years of supervised release. This Order in no way alters any other aspect of the Court's previous judgment in this case.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to reduce sentence under the First Step Act, ECF No. 509, and **ORDERS** the defendant's sentence of supervised release be **REDUCED** to six years.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: October 25, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE